**No. 41920.**—Protest 197131–G of Salem Shawiry (New York).

Opinion by TILSON, J. The record showed that certain items consist of laces similar to those involved in *Amrein* v. *United States* (T. D. 49551). The claim at 75 percent under paragraph 1430 was therefore sustained.

**No. 41921.**—Petition 5777–R of Red Line Commercial Co. (New Orleans).

Opinion by KINCHELOE, J. Being satisfied that the entry was without any intention to defraud the revenue, or conceal or misrepresent the facts, or to deceive the appraiser, the court granted the petition.

BEFORE THE FIRST DIVISION, AUGUST 10, 1939

**No. 41922.**—Petition 5771–R of Goodman & Dessauer (New York).

Opinion by McCLELLAND, P. J. It appeared that the advance in values resulted from a disallowance of a 5 percent commission which was deducted on entry. On the record it was found that the petitioner believed the 5 percent deducted was a buying commission and properly not dutiable. As there was no intent to defraud the revenue the petition was granted.

BEFORE THE FIRST DIVISION, AUGUST 11, 1939

**No. 41923.**—Protest 811887–G of Ph. Deutsch (New York).

Opinion by McCLELLAND, P. J. It was stipulated that the merchandise consists of clothes brushes similar to those passed upon in *United States* v. *Heinrich* (26 C. C. P. A. 292, C. A. D. 30). They were therefore held dutiable at 50 percent ad valorem under paragraph 1506 as claimed.

**No. 41924.**—Protest 922042–G of Greenberg & Josefsberg (New York).

Opinion by McCLELLAND, P. J. It was stipulated that the merchandise consists of novelty brushes or so-called fiber whisk brooms, and clothes and hat brushes, and other brushes similar to those the subject of Abstract 34593 and *United States* v. *Heinrich* (26 C. C. P. A. 292, C. A. D. 30). They were therefore held dutiable at only 50 percent under paragraph 1506 as claimed.